IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRUCK PRO HOLDING CORP.,** *et al.*, | * * * |
| Plaintiffs, | * |
| | *   Civil Action |
| vs. | *   09-mc-00035-CG-B |
| | * |
| **CHRISTOPHER D. GARNER,** | * |
| | * |
| Defendant. | * |

### ORDER

This matter is before the Court on the motions of Daryl Hodges, Earl Newman, Billy Mullins, Arthur Hunter, and Chad Rogers to quash subpoenas issued by Plaintiffs in an action, which is pending in the Southern District of Mississippi (Case 3:09-CV-439). The subpoenas command the above-referenced non-parties to appear for depositions in Mobile, Alabama, on October 22-23, 2009. The movants object to the subpoenas on the ground that subpoenas were not personally served upon them and that no witness fee was attached to any of the subpoenas. Plaintiffs were directed to file a response to the motions by October 20, 2009; however, a review of the docket reflects that no response has been filed.

Service of a subpoena pursuant to Rule 45 requires both "delivery" of the subpoena to the individual commanded to appear and, if the person's attendance is required, tender of the witness fee. Fed.R.Civ.P. 45(b)(1). Failure to meet both of these requirements results in ineffectiveness of service. See In the

Matter of Dennis, 330 F.3d 696, 704 (5th Cir. 2003) ("The plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena."); Schildkraunt v. Bally's Casino New Orleans, 2004 U.S. Dist. LEXIS 12917 (E.D. La. July 9, 2004).

As noted supra, the movants assert that the subpoenas at issue were not personally served upon them and that no witness fee was attached to any of the subpoenas. Although provided an opportunity to respond to the movants' assertions, Plaintiffs have not done so. Based upon the undisputed allegations before the Court, the undersigned finds that the subpoenas are due to be quashed due to ineffective service. Accordingly, the motions to quash subpoenas are granted.

Done this **22nd** day of **October, 2009**.

                                                  **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**